PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

DEL RIO DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

**DR 17 CV - 025**

| Juan Torres | Ramsey I |
|---|---|
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |

vs.

01982462
PETITIONER ID NUMBER

Lori Davis, Director, TDCJ

RESPONDENT                                          CASE NUMBER
(Name of TDCJ Director, Warden, Jailor, or    (Supplied by the District Court Clerk)
authorized person having custody of Peitioner)

## INSTRUCTIONS – READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed in *forma pauperis*. To proceed in *forma pauperis,* (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a ceritificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at the institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.



5.   Only judgment entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy of the U.S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

| | | |
|---|---|---|
| ☑ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| ☐ | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| ☐ | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| ☐ | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**

Note: In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack:   The 38th District Court

Uvalde County, Texas

2.   Date of judgment of conviction:   February 3, 2015

3.   Length of sentence:   seven (7) years TDCJ Inst. Div.

4.   Identify the docket (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:   2012-04-12006-CR

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☐ Not Guilty  ☑ Guilty  ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☐ Jury  ☑ Judge Only

7. Did you testify at trial?  ☐ Yes  ☑ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☑ No

9. If you did appeal, in what appellate court did you file your direct appeal? __N/A__

   _____ Cause Number (if known): _____

   What was the result of your direct appeal (affirmed, modified or reversed)? _____

   What was the date of that decision? _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _____

   Results: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state of applications for a writ of habeas corpus that you may have filed.  ☑ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __The 38th District Court of Uvalde County, Texas__

    Nature of proceeding: __Habeas Corpus Tex. C.C.P. §11.07__

    Cause number (if known): __WR-83,781-01__

Date (month, day and year) you <u>filed</u> the petition, application or motion as show by a file-stamped date from the particular court: <u>October 9, 2014</u>

Grounds raised: <u>Ineffective Assistance of Counsel six grounds "Involuntary Plea."</u>

Date of final decision: <u>September 16, 2015</u>

What was the decision? <u>Dismissed "conviction not final, mandate not issued."</u>

Name of court that issued the final decision: <u>Criminal Court of Appeals Texas</u>

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: <u>The 38th District Court, Uvalde County, Texas</u>

Nature of proceeding: <u>Habeas Corpus, Tex. C.C.P., §11.07</u>

Cause number (if known): <u>WR-83,781-02</u>

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

<u>November 30, 2015</u>

Ground raised: <u>Ineffective Assistance of Counsel "Involuntary Plea."</u>

Date of final decision: <u>March 1, 2017</u>

What was the decision? <u>Denied, no written order</u>

Name of court that issued the final decision: <u>WR-83,781-02</u>

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☐ Yes   ☑ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: ___N/A___

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☑ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedures?
    ☐ Yes ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

       Date of Result: _____

Step 2  Result: _____

       Date of result: _____

All petitioners must answer the remaining questions:

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

<u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.    **GROUND ONE:** <u>Petitioner Did Not Receive Effective Assistance of Counsel As</u>

<u>Gauranteed To Him By The 6th & 14th Amends. U.S. Const.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Petitioner in the instant cause contends that he did not receive effective assistance of counsel</u>

<u>and that his guilty plea was made after defense counsel Hudson coerced him into pleading</u>

<u>guilty by advising Petitioner if he chose to go to trial he would receive 60 years to life in</u>

<u>prison, he would not have pled guilty and would have proceeded to trial. Prior to the</u>

<u>Petitioner's plea of guilty, he advised defense counsel that he was not guilty and wanted to</u>

Cont. See 6A

B.    **GROUND TWO:** <u>Petitioner's Plea was not made voluntarily and knowingly while he was</u>

<u>under the influence of prescription medication.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>Petitioner sustained a head injury while on active duty in the course of his military service.</u>

He was on several prescription medications for this injury and other conditions related and

unrelated to his injury. Petitioner administered his prescription and usual dosage the day

he entered a guilty plea. Counsel was aware that Petitioner was under the influence of the

Cont. See 6B

Proceed to trial. In fact, Petitioner paid defense counsel $40,000 for services rendered and to be rendered, $20,000 of this sum was for jury trial. On 02-19-2014, the day set for appearance for trial, counsel in the presence of Petitioner's sister, Lydia Morales advised him that he needed to plead guilty to aggravated sexual assault/adult to a fifteen (15) year cap. Petitioner objected and protested to this, he did not want to plead guilty because he was not guilty and he had never heard of this plea offer. Petitioner had previously rejected two offers from the State to probation and to six months shock probation with previously retained counsel. Nevertheless, defense counsel advised the petitioner he had no choice and that he would receive 60 years to life in prison and that he only had 10 minutes to make a decision. Petitioner frightened and in a confused state of mind by the threats and counsel's persistence, pled guilty as instructed by counsel to answer all the judge's questions correctly, which he did. Defense counsel knew of the two previously offered pleas and ignored them. The previous rejected plea offers by Petitioner that clearly subjected him to a more lenient sentencing exposure demonstrated Petitioner's determination to proceed to trial. At the sentencing hearing on 02-19-2014, Petitioner was hesitant when the trial court admonished him pursuant to his guilty plea. Petitioners response "Guilty, I guess." Reporters Record of Plea of Guilty. Volume 1, pg-6, Line 14.[1]

     At the evidentiary hearing conducted pursuant to Petitioner's allegations of ineffective assistance of counsel on 09-22-2016, defense counsel is questioned as to why Petitioner pled guilty to this new plea offer of 15 year cap when he had rejected two previous offers that exposed him to a more lenient sentencing. Defense counsel answers that on 02-19-2014, Petitioner came to the Court and saw a jury, this scared him because he was from around this area. Counsel Roy Barrera points out to Counsel Hudson that on 02-19-2014 there was no jury to scare Petitioner it was a pre-trial conference. The day for trial was 02-24-2014[2]. Transcript of Evidentiary Hearing pgs. 36, 37, 38.

---

[1] Upon this Court's Order Petitioner will submit the Reporter's Record of Plea.
[2] Upon this Court's Order or Request Petitioner will submit the transcripts of the testimony of Lydia Morales & transcripts of Evidentiary Hearing conducted on 09-22-16.

-6A-

prescription medication and they would and could impair his ability to make a knowing and voluntary plea.³ When the trial court conducted a colloquy pursuant to Petitioner's guilty plea, Petitioner answered, "Guilty, I guess." The Petitioner went as far as advising the Court that he was under the prescription medications and "Guessed" that they helped calm him down. Petitioner suffers from anxiety and depression. Court Reporter's Record of Plea, pg. 4, Lines 3-15. Defense counsel having knowledge of that Petitioner's competency to make a voluntary and knowing plea due to his influence of prescription medication "Temazapen" and other prescribed medications was in question, persisted and coerced Petitioner into entering a guilty plea using threats. Petitioner in his state of mind was not competent to enter into a guilty plea with a cap of 15 years that he had never seen or been informed of. Petitioner asserts that had counsel not threatened him with a sentence of 60 years to life in prison he would not have pled guilty and proceeded to trial. Further, had defense counsel Hudson requested a competency hearing before advising Petitioner into pleading guilty, a reasonable probability exists that due to the influence of the medications it would have been determined that Petitioner was not competent at that time to enter a voluntary and knowing plea.

---

³ Petitioner was in the U.S. Army at the time the alleged offenses occurred. He had received a head injury and was on prescription medication. Upon the Court's request Petitioner will submit relevant portions of his medical history and transcripts of discussion pursuant to injury.

A. **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

B. **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

21. Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

22. Have you previously filed a federal habeas corpus attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☐ No
    If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    _____

    _____

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2254(b)(3) and (4)? ☐ Yes ☐ No

23. Are you any of the grounds listed in question 20 above presented for the first time in this petition?
    ☐ Yes  ☑ No

    If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    _____

    _____

    _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or vfederal habeas petition), the vcourt in which each proceeding is pending, and the date each proceeding was filed. _____

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Rogelio F. Munoz, 231 S. Getty St. Uvalde, TX 78801

    (b) At arraignment and plea: Michael Anthony Reyes, 424 E. Nueva St, San Antonio, TX 78205

    (c) At trial: Brandon Hudson, 1815 San Pedro Ave, San Antonio, TX 78212

    (d) At sentencing: Brandon Hudson, 1815 San Pedro Ave, San Antonio, TX 78212

    (e) On appeal: Roy R Barrera, Sr. 424 E Nueva St. San Antonio, TX 78205

    (f) In any post-conviction proceeding: Roy R Barrera, Sr. 424 E Nueva St. San Antonio, TX 78205

  (g)  On appeal from any ruling against you in a post-conviction proceeding: _____

    <u>Roy R Barrera, Sr. 424 E Nueva St. San Antonio, TX 78205</u>

**Timeless of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2254(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. §2254(d), provides in part that:

 (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence
 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on __4-19-17__ (month, day, year).

Executed (signed) on __4-19-17__ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: _1100 FM 655 Ramsey 1 Unit_

Torres Juan #1982462
Ramsey Unit
1100 FM 655
Rosharon, TX 77583

Legal
Mail

United States District Court Clerks Office
Rebeca Moore Divisional Office Manager
U.S. Courthouse, 111 Broadway, Rm. 100
Del Rio, TX 78840

