United States District Court
Western District of Texas
Del Rio Division

FILED
MAR 13 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| Juan Torres, | § | Civ. No. DR-17-CV-025-AM-VRG |
| Petitioner | § | |
| | § | |
| Vs. | § | |
| | § | |
| Lori Davis, Director T.D.C.J. | § | |
| Respondent | | |

## Objection To Magistrate's Report And Recommendation(s)

Come's now, Juan Torres, Petitioner pro se and files this objection to the Magistrate's Report and Recommendation(s) pursuant to 28 USC §636(b)(1)(c) and would show the following therefore:

I. **Background**

A. **Factual**

Petitioner has no objection to the factual background as stated by Magistrate.

B. **Procedural**

Petitioner has no objection to the procedural history of case.

1

## II. Discussion

### A. Standard of Review

A state court's determination of factual issue is presumed correct and may be rebutted only by clear and convincing evidence. **Miller-El v. Cockrell**, 537 U.S. 322, 341 (2003). However, competency to stand trial presumption of correctness not accorded to state court's finding(s) because question of competency treated as mixed question of law and fact, **Washington v. Johnson**, 90 F. 3d 945, 951 C5th Cir. 1996).

### B. Mixed Questions of Law and Fact

Any principle that can be given meaning only through its application to the facts of the case is regarded as a legal question and will not be accorded a presumption of correctness. **Miller v. Fenton**, 474 U.S. 104, 114 (1985) "Conversely, a factual is does not lose its factual character merely because its resolution is dispositive of the ultimate constitutional question" Id at 113. Although, the presumption of correctness does apply to state court findings of fact underlying the voluntariness of defendant's statements or waiver of rights, it does not apply to ultimate conclusions of law regarding the voluntariness of those statements or waivers. **Horn v. Quarterman**, 508 F.3d 306, 311-12 (5th Cir. 2007) The presumption of correctness applies to state court findings of fact underlying an ineffective assistance of counsel claim, it does not apply to ultimate conclusions of law regarding the ineffective assistance. **Strickland v. Washington**, 466 U.S. 668, 698 (1984)

## C. Merits

### Knowing & Voluntary Plea

1. Petitioner's by clear and convincing evidence has demonstrated that his plea was not made voluntarily. Petitioner demonstrated:

    A.) Sister Lydia Torres Morales testified that she was present when Counsel Hudson coerced Petitioner into entering guilty plea. Trans. Evid. Hearing#1. Pg. 113, L. 11, pg. 114, L. 2-7;

    B.) Attorney Tony Reyes testified that Petitioner was persistent in going to trial even after he was able to obtain good plea offers. Trans. Evid. Hearing #1. Pg. 21, L. 9-11, pg. 35, L. 12-16;

    C.) Petitioner was adamant about going to trial and dismissed two prior attorneys Reyes and Munoz after paying them large fees because he did not want to plea. Trans. Evid. Hearing #2, pg. 31, L. 6-9, L. 22-25;

    D.) Counsel Hudson testimony as to what prompted Petitioner into entering guilty plea on 02-19-2014 after rejecting several previous favorable plea offers was contradictory as a matter of Court record. Counsel Hudson attests that Petitioner saw jury and got scared. "There was no jury." Trans. Evid. Hearing #2 pgs. 34-38;

    E.) That he was on psychotropic medication Temazepam at the time he entered guilty plea. Trans. Plea Hearing, pg. 4, L. 3-15;

    F.) That his plea was unsure (equivocal) Petitioner's plea "Guilty I guess." Trans. Plea Hearing. Pg. 6, L. 15.

3

The Magistrate correctly identifies the portions of the record that support Petitioner's claims and sets forth the precedent controlling law, **North Carolina v. Alford**, 400 U.S. 25, 31 (1970); **McMann v. Richardson**, 397 U.S. 759, 766 (1970); **Brady v. United States**, 397 U.S. 742, 755 (1970); **Matthew v. Johnson**, 201 F. 3d 353, 364-65 (5th Cir. 2000); **Brown v. Butler**, 811 F.2d 938, 942 (5th Cir. 1987); **Mason v. Balcom**, 531 F.2d 717, 725 (5th Cir. 1976) However, places a higher standard of review on the issues.

In federal habeas proceeding stemming from state court conviction, burden is on petitioner to prove by preponderance of evidence that he was incompetent in fact at time of plea. **Thompson v. Blackburn**, 766 F.2d 118 (5th Cir. 1985) The burden of proof is preponderance of evidence, not clear and convincing evidence. **Zapata v. Estelle**, 585 F.2d 750, 752 (5th Cir. 1978) (en banc) "Higher burden would raise due process concerns." **Bruce v. Estelle**, 536 F.2d 1051, 1059 (5th Cir. 1976)

Petitioner's plea can be seen as ambiguous, equivocal. "I guess" is not a knowing statement. The fact that the trial court recognized this and had Petitioner re-state his plea to yes does not in itself affirm that Petitioner knowingly and voluntarily entered plea. As noted by a complete reading of the record, Petitioner two (2) days later filed motion to withdraw plea.

Petitioner's acknowledgement to the Trial Court that he was on prescribed medication at the time of entering plea alone should have required the Trial Court to have an evaluation done to determine if the prescribed medication Temazepam could or would affect in any way, the Petitioner's ability to make knowing, voluntary, and intelligent decisions. Petitioner stated that he "guessed" the medication helped him think more clearly. Again not a statement of clarity. Trans. Plea Hearing, pg. 4, L. 3-15. Noting "The conviction of legally incompetent defendant, or

4

failure of trial court to provide adequate competency determination is a violation of the defendant's due process right to a fair trial." **Drope v. Mo, 420 U.S. 162, 178-83 (1975)**

Petitioner, therefore specifically objects to the interpretation by the Magistrate to the facts of the case, conclusions of law, report and recommendations.

### 2. Ineffective Assistance of Counsel

Petitioner adopts in part the statement of law as stated by the Magistrate pursuant to ineffective assistance of Counsel. Pg. 16-17, Magistrates Report & Recommendations. However would add:

> 1.) Counsel's assertion that the State had photographic evidence of crime, Petitioner's son had allegedly witnessed assault on his mother, and that he confessed his guilt to him has no directing barring as to Petitioner's plea of guilty being voluntary.
>
> 2.) Petitioner's claim is not whether the State would or could prove his guilt beyond a reasonable doubt.

Petitioner's claim is supported by clear and convincing evidence that counsel did coerce him into entering plea. Not only is Counsel's demeanor at the second evidentiary hearing less than ethical as he becomes agitated and angry. Trans. Evid. Hearing #2, pg. 80, L. 12-16, pg. 89, L.8-9. But is claim as to what transpired on 02-19-2014 is demonstrated to be inaccurate.

By the facts ascertained by Petitioner he demonstrated that counsel used coercive tactics to influence Petitioner into entering plea. This was not rebutted, where by the preponderance of the evidence a reasonable probability exist that had counsel not advised Petitioner he

5

would receive a sentence of 60 years if he proceeded to trial, Petitioner would not have pled guilty and proceeded to trial.

Here counsel's failure to investigate Petitioner's competency to stand trial, or enter plea, and coercion is ineffective assistance of counsel. Petitioner holds that the decision in **Bouchillon v. Collin, 907 F.2d 589 (5th Cir. 1990)** reaffirms his claim that he did not receive effective assistance of counsel as prescribed by **Strickland v. Washington, 466 U.S. 668, 688 (1984)**

Petitioner specifically objects to the Magistrate's interpretation, findings of facts and conclusions of law as applied to his case.

### III. Certificate of Appealability

The Petitioner adopts and has no objection to the statement of law as stated by Magistrate pursuant to COA. However, again the Magistrate placed a higher standard than that of reasonable jurist could disagree with district court's resolution of his constitutional claims, or that jurist could conclude the issues presented are adequate to deserve encouragement to proceed further.
See **Buck v. Davis, 137 S. ct. 759 (2017)**

For reasons stated in Petitioner's Objections to Magistrate's Report and Recommendation, Petitioner should be granted COA if the District Court adopts the Magistrate's R. R.

6

## IV. Conclusion

In the instant cause, the Petitioner's petition, record and applicable law urge and compel this Honorable Court to grant Petitioner's §2254 petition, and/or in the alternative issue. C.O.A.

Respectfully Submitted,

Juan Torres, Pro Se
T.D.C.J. No. 01982462
Briscoe Unit
1459 West Highway 85
Dilley, TX 78017

## V. Certificate of Service

I ___Juan Torres___ Hereby Certify that on this __11__ day of March __2018__ sent via U.S. Mail to the Clerk of Court for the U.S. District Court Western District of Texas, Del Rio Division the aforementioned "Objection to Magistrate's Report and Recommendations."

Respectfully Submitted

*[signature]*

_____

Juan Torres

T.D.C.J. No. 01982462

```
ORIGIN ID:SATA  (830) 275-9464        SHIP DATE: 12MAR18
CARMEN RUBIO                          ACTWGT: 0.10 LB
                                      CAD: 6992387/SSF01822
PO BOX 322
KNIPPA, TX 78870                      BILL CREDIT CARD
UNITED STATES US
```

**TO** US DISTRICT COUT CLERK

**111 E BROADWAY ST #L100**

**DEL RIO TX 78840**

(000) 000-0000    REF:
PO:               DEPT:

FedEx Express

**E**

TRK# 7899 7968 9920    TUE - 13 MAR 3:00P
0201                   STANDARD OVERNIGHT

# 45 DRTA

78840
TX-US  SAT

